UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FREEMAN LAURINE SUE OF FAMILY ARNOLD<br><br>Plaintiff,<br><br>v.<br><br>J. DAVID WALSH, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CASE No. 8:12-CV-318-T-35TGW<br>:<br>: |

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff's complaint fails to state a claim upon which relief can be granted. I therefore recommend that the case dismissed, without prejudice to the plaintiff's opportunity to file an amended complaint that states a cognizable claim.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to

redress. The plaintiff asserts that she has no income or savings and, therefore, she is financially unable to pay the filing fee (Doc. 2). However, even when the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(I), (ii); 1915A.

The plaintiff's complaint is rambling, disjointed document which purports to sue judges and law enforcement officials for violating her right to a trial by jury, and for kidnapping, in connection with the removal of her grandson from her care (Docs. 1, 2).* Thus, the plaintiff asserts that her grandson was removed from her care by Child Protective Services in August 2011, that she served a jail sentence "for exercising [her] Right to protect [her] Grandson from kidnapping by ... Child Protective Services," and that she was removed from a court proceeding (Doc. 1, p. 2).

However, the plaintiff does not include in her complaint facts which state a cognizable claim and, of course, the plaintiff cannot assert a claim for kidnapping. Further, she does not identify a legal basis for suing any of the defendants. See Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001) (judicial immunity applies to a judge who dealt with the plaintiff in a judicial capacity

---

* The plaintiff has not even properly stated her given name in the case caption (see Doc. 1, p. 1)("Freeman known as Laurine Sue of the Family Arnold Administrator for Laurine Sue Arnold").

and did not act in the "clear absence of all jurisdiction"); Bevan v. Durling, 243 Fed. Appx. 458, 462 (11th Cir. 2007)("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); Bates v. Harvey, 518 F.3d 1233, 1242 (11th Cir. 2008)("Qualified immunity protects law enforcement officials from § 1983 suits for civil damages arising from the discharge of their discretionary functions, as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.").

Moreover, to the extent that the plaintiff is complaining about a child custody determination, she has not set forth facts showing that the federal court has jurisdiction over that matter. See Moore v. Sims, 442 U.S. 415 (1979); Leidel v. The Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1546 (11th Cir. 1990); Cormier v. Horkan, 397 Fed. Appx. 550, 552 (11th Cir. 2010)

Finally, the complaint is procedurally inadequate because it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Thus, it does not contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" or "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), F. R. Civ. P. Each claim, furthermore, is not stated in a separate count. Rule 10(b). It is also noted

that impertinent comments, such as calling the court "Inferior" (Doc. 1, p.1 ) are unacceptable.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. §1915(e)(2)(B)(ii); Local Rule 4.07(a). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F. R. Civ. P.). I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within 30 days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Thomas G. Wilson

THOMAS G. WILSON
FEBRUARY 27, 2012        UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of

its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).